UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00229-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANA YAW ADOMA, RANDALL | ) |
| AVERY HANKINS, II, AND | ) |
| AHKEEM TAHJA MCDONALD, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Motions to Sever (#552 & #551) from co-defendants Adoma (2) and McDonald (11), respectively, and the joint request for peremptory trial setting. Oral arguments were heard on these Motions on January 17, 2017. The court considered certain crime scene photographs *in camera*,[1] which were submitted in support of Defendant Adoma's request for severance. After reviewing all of the relevant pleadings and considering the arguments, the Court enters the following Order denying the motions for severance and granting the request for peremptory setting, placing this matter as the first matter on for trial September 18, 2017.

**FINDINGS AND CONCLUSIONS**

**I. Motions for Severance: Applicable Standard**

Motions to sever are governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure, and a two-step analysis is necessary. See 8 Moore's Federal Practice, ¶ 13.03[2] at 13–

---

[1] The court considered these materials *in camera* and has placed them under seal as their pretrial publication could impact defendant's ability to receive a fair trial.

-1-

9 (Matthew Bender). The first step is to determine whether the defendants were initially joined by the Grand Jury in accordance with Rule 8. If they are deemed properly joined, the analysis proceeds to the second step, which requires a determination of whether such joinder, while satisfying Rule 8, is nevertheless unfairly prejudicial under Rule 14 when weighed against judicial efficiency.

The first inquiry concerns the Grand Jury's joinder of these defendants in one indictment. Rule 8(a) provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b). Thus, joinder of defendants is appropriate where the defendants are alleged to have participated in the same act or transaction constituting an offense or offenses against the United States. Id. In Cataneo v. United States, 167 F.2d 820, 822 (4th Cir. 1948), the Court of Appeals for the Fourth Circuit explained the term "transaction":

> This is not a technical term, nor is it a word of art. It has been variously defined and applied in numerous cases arising under the old Federal Equity Rules and in Code Pleading in connection with the joinder of causes of action and the permissibility of interposing counterclaims. Oft-quoted is the remark (under Equity Rule 30) of Mr. Justice Sutherland, in Moore v. New York Cotton Exchange, 270 U.S. 593, 610 [1926] ... " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."

Id. at 823. In more recent cases, appellate courts have held that joinder is proper where common activity constitutes a substantial portion of the proof. United States v. Roselli, 432 F.2d 879 (9th Cir.1970), *cert. denied*, 401 U.S. 924 (1971). Here, it appears on the face of the Superseding Indictment (#69) that the defendants have been charged together based on allegedly unlawful common activity.

The second step requires weighing alleged prejudice against judicial economy. Even where Rule 8 joinder is proper, allegations that joinder of defendants will prejudice the defendant by preventing a fair trial must be weighed against the court's interest in judicial economy. Rule 14 provides, as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14. The issue under Rule 14 is whether prejudice due to joinder would likely infringe a defendant's Sixth Amendment right to a fair trial. United States v. Boffa, 513 F.Supp. 444 (D.Del. 1980).

In order to warrant severance, the moving defendant must satisfy the burden of showing prejudice which will interfere with such defendant's constitutional right to a fair trial. 8 Moore's Federal Practice, at ¶ 14.02[1], 14–5, 6, *citing* United States v. LaRouche, 896 F.2d 815 (4th Cir.1990). Conclusory allegations that a defendant will be unduly prejudiced will not suffice; the burden is on the defendant to show that joinder will *probably* result in undue prejudice meriting severance. United States v. De La Cruz Bellinger, 422 F.2d 723 (9th Cir.), *cert. denied*, 398 U.S. 942 (1970); *cf.* United States v. McClure, 734 F.2d 484 (10th Cir.1984).

If defendant makes such an initial showing, the court must balance such concerns with the court's interest in "speed, efficiency and convenience in the functioning of the federal judicial machinery...." Cataneo v. United States, *supra*. In determining the extent of any alleged prejudice, the court considers whether, under all the circumstances, it is within the capacity of the jury to follow the court's instructions to keep separate the relevant evidence. United States v. Diaz–Munoz, 632 F.2d 1330 (5th Cir. 1980). There is a general principle that defendants who are

indicted together should be tried together. United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012) (citation omitted).

**II.     Discussion**

In the fifty-page Third Superseding Indictment (#477), the defendants remaining for trial (Adoma, McDonald, and Hankins) are charged in several counts with other co-defendants. The other codefendants have all entered pleas of guilty, which this court has accepted. While charging three murders, at its core the Third Superseding Indictment charges that these defendants engaged in a RICO conspiracy and that the murders of these three individuals were acts in furtherance of that conspiracy. Defendants Adoma and McDonald are charged with the murder of Kwamne Clyburn in August 2013, while Defendant Hankins is charged with the murder of Douglas and Deborah London in October 2014. Citing a lack of temporal proximity and the sensational nature of the London murders, Defendants Adoma and McDonald contend that their trial should be severed from Defendant Hankins' trial.

Defendant McDonald notes that he is charged only with Counts One, Two, and Three. He argues that the "most serious and sensational charges in the case" relate to other Counts to which Mr. Hankins is charged and that these alleged crimes are "notorious" in the Charlotte area. (#551) at 3. Further, Mr. McDonald claims that "[o]ther than the overarching RICO conspiracy charge in Count One, McDonald is charged only with the murder of Kwamme Clyburn in furtherance of racketeering" and that "[s]imply casting the wide net of" the conspiracy charge would be "insufficient." (#551) at 4. Moreover, Mr. McDonald claims that evidence of the later robbery of the Londons' business and their subsequent murders would unfairly prejudice him and that a limiting instruction would not cure this unfair prejudice. (#551) at 5.

Defendant Adoma has lodged similar arguments with respect to potential severance. First, Mr. Adoma alleges that misjoinder of defendants requires mandatory severance under Fourth Circuit precedent. Second, Mr. Adoma argues that joinder of co-defendants at trial would be unfairly prejudicial. Third, his argument regarding misjoinder, (#552) at 5-7, largely relies upon United States v. Kaplan, 588 F.2d 71 (4th Cir. 1978). In Kaplan, co-conspirators agreed to place a pipe bomb. The Kaplan panel overturned the district court regarding one of the co-conspirators, Mr. Seidel, finding that it was error to include him in the same trial as he had "no part" in an alleged later-planned murder plot. Kaplan, 588 F.2d at 74. The Kaplan case cited was, however, reheard and vacated in relevant part in a later opinion by the Fourth Circuit. See United States v. Seidel, 620 F.2d 1006 (4th Cir. 1980)( at 1017, holding "we vacate so much of the earlier panel opinion herein as set aside the conviction of the defendant Seidel and now affirm the conviction of such defendant."). In the later opinion, the Fourth Circuit noted a desire to avoid "a multiplicity of trials" where the objectives of Rule 8 and Rule 52 can "be achieved without substantial prejudice to the right of the defendants to a fair trial." 620 F.2d at 1017. Specifically, the Seidel panel vacated Kaplan and held that the co-defendant did not suffer any prejudice as a result of the joint trial and affirmed the district court's conviction of Seidel. Id. Notably, more recent cases on co-conspirators in the Fourth Circuit support a legal presumption that co-conspirators should be tried together, even if they were not involved in all aspects of the conspiracy. See, e.g. Banks, supra; Tedder, supra; Dinkins, supra.

All defendants remaining for trial are charged with a RICO conspiracy and with overt acts of violence in furtherance of that conspiracy. In conspiracy cases, joinder of co-conspirators "is highly favored, over and above the general disposition supporting joinder for reasons of efficiency and judicial economy." United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986). While a co-

defendant may not have participated in each act in furtherance of the conspiracy, the charges against him arise out of the same alleged racketeering enterprise. Co-conspirators may be tried together even if its members were not aware of its full scope or if the co-conspirators did not take part in the full range of its activities over its entire existence. See United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). While the Clyburn and London murders may not be linked temporally, the Third Superseding Indictment (#477) links all the murders charged in this case to the RICO conspiracy, to wit, all such acts were alleged to be in furtherance of the same criminal conspiracy and furthered the goals of the criminal organization.

While neither Defendant McDonald nor Defendant Adoma is charged with committing the London murders in 2014, it is the government's contention that it was reasonably foreseeable that other murders may occur in furtherance of the same conspiracy. See Pinkerton v. United States, 328 U.S. 640 (1946). The Court appreciates that "[p]roper application of the Pinkerton theory [of co-conspirator liability] depends on appropriate instructions to the jury." United States v. Chorman, 910 F.2d 102, 111 (4th Cir. 1990). There is a presumption that juries follow instructions given them and adhere to the directives of the district court with respect to limiting instructions and other guidance. See Richardson v. Marsh, 481 U.S. 200 (1987); United States v. Runyon, 70 F.3d 475 (4th Cir. 2013). This is not a case where defendants had markedly different degrees of culpability as each defendant remaining for trial is charged with a murder in furtherance of the overarching RICO conspiracy. See Dinkins, 691 F.3d at 368. Any risk of unfair prejudice is mitigated by measures "less drastic than severance, including limiting instructions" when certain evidence may be admitted against one or more, but not all, defendants in this matter. See id.

Rather than markedly different levels of culpability, each defendant remaining for trial is charged with participating in a murder in furtherance of the same conspiracy. Dinkins, supra. As

to Defendants Adoma and McDonald, the Grand Jury has determined that it was reasonably foreseeable that additional murders would occur in furtherance of the conspiracy "for the purpose of maintaining and increasing" members' position within the criminal organization to which the alleged co-conspirators allegedly belonged. See Third Superseding Indictment (#477) at 21-22; 30-31; 34-35.

Central to the request for severance are moving defendants arguments that the crime scene pictures are "especially graphic and emotionally taxing" for the jury. (#552) at 8. Having reviewed those pictures *in camera*, the Court is keenly aware of the need for appropriate instruction of jurors and watch the progress of such evidence closely. The court will address the need for limiting instructions at appropriate times during the trial to mitigate the potential for unfair prejudice without the "drastic" step of severance. See Dinkins, supra. Based on its experience, the Court finds that equipped with appropriate instructions and careful handling of exhibits, a fair jury trial can be conducted without severance of these defendants. Thus, when the alleged prejudice is weighed against judicial economy, the Court finds that a joint trial in appropriate and that these defendants should stand trial together.

### III. Conclusion

In considering the instant Motions and the Third Superseding Indictment, the court finds that the co-defendants have similar degrees of culpability as each is charged with being a co-conspirator in the same criminal organization and perpetrating a murder in furtherance of that conspiracy. The court will deny the instant Motions to Sever as the potential for unfair prejudice is better addressed through less drastic steps, such as limiting instructions.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Adoma's and Defendant McDonald's Motions to Sever (#551 & #552) are **DENIED**.

**IT IS FURTHER ORDERED** that the request for peremptory setting is **GRANTED**, and this matter is peremptorily set as the first trial for September 18, 2017. The parties shall be prepared to pick a jury immediately following calendar call that day.

Signed: January 18, 2017

Max O. Cogburn Jr
United States District Judge