UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-132-MOC
3:14-cr-229-MOC-DCK-5

| | |
|---|---|
| **RANDALL AVERY HANKINS, II,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1; see Doc. 4 (Addendum)] and on the United States' Motion to Dismiss [Doc. 6].

## I. BACKGROUND

The Petitioner was charged in a racketeering conspiracy involving the United Blood Nation gangs. The charges pertaining to Petitioner are: conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) (Count One); murder in aid of racketeering by "unlawfully and knowingly murder[ing]" Deborah London pursuant to South Carolina Code of Laws Section 16-3-10, in violation of 18 U.S.C. § 1959(a)(1) and 2 (Count Seven); using, carrying, and brandishing a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, *i.e.*, Counts One and Seven, resulting in the death of Deborah London by murder as defined by 18 U.S.C. § 1111(a), in violation of 18 U.S.C. § 924(c) and (j) (Count Eight); murder in aid of racketeering by "unlawfully and knowingly murder[ing]" Douglas London pursuant to South Carolina Code of Laws Section 16-3-10, in violation of 18 U.S.C. § 1959(a)(1)

and 2 (Count Nine); using, carrying, and brandishing a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, *i.e.*, Counts One and Nine, resulting in the death of Douglas London by murder as defined by 18 U.S.C. § 1111(a), in violation of 18 U.S.C. § 924(c) and (j) (Count Ten). [3:14-cr-229 ("CR") Doc. 477 (Third Superseding Indictment)]. A jury unanimously found the Petitioner guilty as follows:

**Count One:**

Conspiracy to conduct, or participate in the conduct, of the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d):

> **The agreement included the intentional death, with malice aforethought, of Deborah London**, in violation of S.C. Code of Laws Section **16-3-10**; and

> **The agreement included the intentional death, with malice aforethought, of Douglas London**, in violation of S.C. Code of Laws Section **16-3-10**.

**Count Seven:**

The murder of Deborah London in aid of racketeering, in violation of 18 U.S.C. § 1959, or aiding and abetting in that offense, in violation of 18 U.S.C. § 2.

**Count Eight:**

Using a firearm in relation to a crime of violence resulting in the death of Deborah London in violation of 18 U.S.C. §§ 924(c) and 924(j)(1):

> The firearm was brandished;

> The firearm was discharged;

> The Petitioner caused the death of Deborah London through the use of the firearm; and

> The killing of Deborah London was done with **malice aforethought**.

**Count Nine:**

The murder of Douglas London in aid of racketeering, in violation of 18 U.S.C. § 1959, or aiding and abetting in that offense, in violation of 18 U.S.C. § 2.

**Count Ten:**

Using a firearm in relation to a crime of violence resulting in the death of Douglas London in violation of 18 U.S.C. §§ 924(c) and 924(j)(1):

The firearm was brandished;

The firearm was discharged;

The Petitioner caused the death of Douglas London through the use of the firearm; and

The killing of Douglas London was done with **malice aforethought**.

[See CR Doc. 732 (Verdict)] (emphasis added).

The Presentence Investigation Report (PSR) calculated the base offense level as 43 and two levels were added for a multiple count adjustment, resulting in a combined total offense level of 45. [See CR Doc. 801 at ¶¶ 76, 113-15]. However, because the offense level exceeded 43, the offense level was treated as 43. [Id. at ¶ 118]. Petitioner had one criminal history point, and two more points were added because Petitioner committed the instant offense while under a criminal justice sentence. [Id. at ¶¶ 123-24]. This resulted in a criminal history category of II. [Id. at ¶ 125]. Petitioner's advisory guideline range was life imprisonment, with the terms of imprisonment for Counts Eight and Ten running consecutively to any other counts. [Id. at ¶ 147].

The Court adopted the PSR and sentenced Petitioner to life imprisonment for each count, with Counts Eight and Ten running consecutively to each other and to Counts One, Seven, and Nine, in a Judgment entered on May 21, 2018. [CR Doc. 838 (Judgment); CR Doc. 839 (Statement of Reasons)].

On direct appeal, the Petitioner argued that the Court erred by limiting cross-examination and impeachment of a witness, and by denying his Rule 29 motion because there was insufficient

3

Case 3:14-cr-00229-MOC-DCK    Document 1000    Filed 10/19/23    Page 3 of 15

evidence to support his convictions for RICO conspiracy and for aiding and abetting the murders. The Fourth Circuit Court of Appeals affirmed on July 30, 2019. United States v. Adoma, 781 F. App'x 199 (4th Cir. 2019). With regards to the murders, the Fourth Circuit found that "[t]he jury heard more than sufficient evidence to support the conclusion that Hankins aided and abetted the London murders and, as the gang member who handed the shooter the gun with which he would murder the Londons, possessed a firearm in furtherance of the murders." Id. at 209.

Petitioner filed the instant § 2255 Motion to Vacate on February 23, 2023.[1] [Doc. 1; Doc. 1-1]. Liberally construing the Petitioner's arguments,[2] he appears to claim that: (1) the Court made guideline calculation errors; and (2) Counts Eight and Ten are invalid because the predicate offenses of RICO conspiracy (Count One) and aiding and abetting murder in aid of racketeering (Counts Seven and Nine), are not crimes of violence and do not have the requisite *mens rea* to support violations of § 924(c) and (j).[3] [Doc. 1]. Petitioner filed an unsigned "Motion to Withdraw Motion to Vacate…" that the Court dismissed without prejudice. [Docs. 2, 3]. Petitioner did not renew his request for dismissal. On May 31, 2023, Petitioner filed a "Motion to Relate Back Pursuant to Rule 15(c)(1)(B) in Support of Gill Claim Previously Raised Argument" that is construed as an Addendum to the Motion to Vacate.[4] [Doc. 4]. He elaborates on his § 2255 claims including his *mens rea* argument. [Id.].

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

[2] Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (instructing courts to construe pro se documents liberally).

[3] The relief that Petitioner seeks is unclear. He asks for all of the counts to be vacated [Doc. 1-1 at 1-2], and for the § 924(c) counts to be vacated with resentencing on the remaining counts under the sentencing package doctrine [id. at 7].

[4] The Petitioner has not properly moved to amend, nor has he filed a superseding Amended Motion to Vacate. The "Motion to Relate Back" is, therefore subject to dismissal. See generally Fed. R. Civ. P. 15. The Court will, nevertheless, consider the Petitioner's arguments for the sake of completeness.

The United States filed a Motion to Dismiss Petitioner's Motion to Vacate, arguing that Petitioner's claims are untimely, procedurally barred, and without merit. [Doc. 6]. On August 29, 2023, the Court informed Petitioner of his right to respond to the Motion to Dismiss and granted him 21 days to do so. [Doc. 7 (Roseboro Order)]. He was cautioned that the "[f]ailure to file a timely and persuasive response will likely lead to the dismissal of this action." [Id. at 1]. Petitioner has not responded to the Motion to Dismiss and the time to do so has expired.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION[5]

---

[5] The Court has liberally construed the Petitioner's vague, repetitive, and confusing Motion to Vacate [Doc. 1], supporting Memorandum [Doc. 1-1], and Addendum [Doc. 4]. The Court will not, however, attempt to separately address each of Petitioner's scattershot and sometimes nonsensical arguments. See generally Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants). Any claim or argument not specifically addressed in this section has been considered and rejected.

5

1) **Statute of Limitations**

A one-year period of limitations applies to § 2255 petitions, that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) ("§ 2255's limitation period is subject to equitable modifications such as tolling."). Further, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). The "actual innocence gateway" allows habeas petitions filed outside the one-year limitations period of § 2255(f) if a petitioner can demonstrate that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, 569 U.S. at 383. Under this exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ [of habeas

6

corpus] even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986); see United States v. Jones, 758 F.3d 579 (4th Cir. 2014).

Under § 2255(f)(1), a federal judgment becomes final "when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)). Here, Petitioner's conviction became final on October 28, 2019, when the 90-day period to seek certiorari review of the Fourth Circuit's July 30, 2019 judgment expired. See Clay, 537 U.S. at 532. Petitioner filed the Motion to Vacate more than two years late on February 23, 2023.

Petitioner argues that his Motion to Vacate is timey pursuant to § 2255(f)(3) because he filed it within a year of the Supreme Court's issuance of United States v. Borden, 141 S.Ct. 1817 (2021) and United States v. Taylor, 142 S.Ct. 2015 (2022). [Doc. 1-1 at 1]. Petitioner's reliance on Borden and Taylor is unavailing.

In Borden, the Supreme Court held on June 10, 2021 that an offense that requires a *mens rea* of only recklessness does not qualify as a "violent felony" under the Armed Career Criminal Act (ACCA). 141 S.Ct. at 1817; see United States v. Davis, 139 S.Ct. 2319 (2019) (holding that the residual clause in § 924(c) is unconstitutionally vague). However, Petitioner did not file the Motion to Vacate within a year of Borden's issuance and, accordingly, his Borden claim is untimely.[6] See generally Dodd v. United States, 545 U.S. 353, 357-58 (2005) (the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right).

In Taylor, the Supreme Court held that *attempted* Hobbs Act robbery is not categorically a crime of violence under § 924(c). 142 S.Ct. at 2020. Taylor does not apply to Petitioner's case

---

[6] As the United States correctly notes, the Petitioner also filed his Motion to Vacate more than a year after the Supreme Court issued Davis. [Doc. 6 at 7].

because he was not convicted of any attempted offenses. Petitioner was charged with aiding and abetting racketeering, not attempt. Aiding and abetting "simply describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010). The Fourth Circuit has recognized that "aiding and abetting a crime of violence is also categorically a crime of violence." United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021); see United States v. Draven, 77 F.4th 307, 318 (4th Cir. 2023) ("aiding and abetting and attempt are not comparable offenses"). Taylor is, therefore, inapplicable to Petitioner's case and his Motion to Vacate is not timely under § 2255(f)(3) based on Taylor.

Construing the allegations liberally, the Petitioner also appears to raise the actual innocence exception to the limitations bar. [See Doc. 1-1 at 7; Doc. 4 at 1]. However, he has failed to come forward with any evidence that would make it more likely than not that no reasonable juror would have convicted him. See McQuiggin, 549 U.S. at 383; Section 3, *infra.* Accordingly, his attempt to avoid the statute of limitations bar by claiming actual innocence is rejected.

Petitioner has failed to demonstrate that his Motion to Vacate is timely pursuant to § 2255(f)(3) or any other theory. The Government's Motion to Dismiss is, therefore, granted on this ground and the Motion to Vacate is dismissed with prejudice as time-barred.

**2) Procedural Default**

As the Supreme Court has recognized, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would

result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). With regards to cause and prejudice, a petitioner must demonstrate: (1) the existence of cause for a procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). "[A] claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default…." Bousley, 523 U.S. at 622 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). Actual prejudice is shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494). Actual innocence means factual innocence; "this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Mikalajunas, 186 F.3d at 490.

Petitioner did not raise his present claims on direct appeal, and he has not attempted to show cause and prejudice to excuse his procedural default in this proceeding. [See Doc. 4 (leaving blank the section of the § 2255 form addressing whether Petitioner raised his claim on direct appeal and, if not, explaining why)]. Any suggestion that his procedural default is excused because the arguments are novel is rejected. See generally Johnson v. United States, 576 U.S. 591 (2015) (striking down ACCA's residual clause as unconstitutionally vague); Sessions v. Dimaya, 138 S.Ct. 1204 (2018) (striking down the residual clause in § 16(b), which is worded almost identically to § 924(c)(3)(B)); Davis, 139 S.Ct. at 2326 (noting that "[f]or years, almost everyone understood § 924(c)(3)(B) to require exactly the same categorical approach that this Court found problematic

in the residual clauses of the ACCA and [18 U.S.C.] § 16"); see also United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (holding that the residual clause of § 924(c) is unconstitutionally vague).

Petitioner appears to argue that the actual innocence exception applies because he lacks qualifying predicate offenses under §§ 924(c) and (j). [Doc. 1-1 at 7]. He has failed to demonstrate his factual innocence, however, as his claims that the predicate offenses are not crimes of violence are meritless as discussed in Section 3, *infra*.

Petitioner's claims are, therefore, procedurally defaulted from § 2255 review and the Motion to Dismiss is granted on that basis as well.

**3) Merits**

First, Petitioner attempts to raise sentencing guideline application errors in his Motion to Vacate. A sentencing error is not cognizable on § 2255 review unless it is constitutional, jurisdictional, or amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). Barring "extraordinary circumstances," an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). "[M]isapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice." Mikalajunas, 186 F.3d at 495-96.

Petitioner's suggestions that the Court made guideline errors by, *e.g.*, misapplying enhancements and multi-count adjustments, are too vague and conclusory to support relief. [See Doc. 1-1 at 2]; United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). Petitioner has failed to demonstrate the existence of any extraordinary

10

Case 3:14-cr-00229-MOC-DCK     Document 1000     Filed 10/19/23     Page 10 of 15

circumstances and, accordingly, his claims of guideline calculation errors are not cognizable in this action.[7]

Second, Petitioner argues that the predicate offenses are insufficient to support his firearm convictions in Counts Eight and Ten. Section 924(j)(1) penalizes "[a] person who, in the course of a violation of [§ 924(c)], causes the death of a person through the use of a firearm," where "the killing is a murder (as defined in section 1111)." Murder under 18 U.S.C. § 1111 is defined as "the unlawful killing of a human being with malice aforethought…." There are two divisible versions of first-degree murder in § 1111(a), premeditated murder and felony murder. United States v. Jackson, 32 F.4th 278, 286 (4th Cir. 2022). Premeditated murder requires proof that a person intended to kill the victim whereas felony murder requires only proof of the (attempted) perpetration of a listed crime. Id.

Section 924(c), in turn, prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3). Because the residual clause in § 924(c)(3)(B) is unconstitutionally vague, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause in § 924(c)(3)(A). Davis, 139 S.Ct. at 2319.

---

[7] These claims are also are untimely and procedurally defaulted for the reasons discussed in Sections 1 and 2, *supra*.

Petitioner was convicted of using a firearm during and in relation to the murders in aid of racketeering in Counts Seven and Nine.[8] [CR Doc. 477]. The murder counts charged Petitioner with aiding and abetting murders in aid of racketeering by "unlawfully and knowingly murder[ing] [the victims] in violation of South Carolina Code of Laws Section 16-3-10." [Id. at 30-31, 34-35]. "Murder" under South Carolina law is defined as "the killing of any person with malice aforethought, either express or implied." S.C. Code. § 16-3-10. The jury specifically found that: Petitioner's agreement in the RICO conspiracy "included the intentional death, with malice aforethought" of the victims in violation of S.C. Code § 16-3-10; Petitioner aided and abetted the victims' murders in aid of racketeering; and Petitioner used a firearm in relation to the murders, caused the victims' deaths through the use of the firearm, and the killings were done "with malice aforethought." [CR Doc. 732].

Petitioner's arguments that the murders in aid of racketeering are not crimes of violence under § 924(c)'s force cause are rejected. Petitioner's suggestion that those murders did not include the requisite amount of force is conclusively refuted by the record. Petitioner's intentional murder of the the victims with malice aforethought necessarily required the use of violent force that satisfies § 924(c)'s force clause. See In re Irby, 858 F.3d 231, 235 (4th Cir. 2017) (the "unlawful killing [of] another human being requires the use of force capable of causing physical pain or injury"); Jackson, 32 F.4th at 286-87 ("premeditated murder necessarily requires the use of 'violent force'"); see also United States v. Shepard, 741 F.App'x 970 (4th Cir. 2018) (attempted murder in

---

[8] To support a § 924(c) conviction, the Government need only prove one qualifying predicate offense. See United States v. Jackson, 32 F.4th 278, 283 (4th Cir. 2022) ("To support a conviction under § 924(c) for using or carrying a firearm during and in relation to a 'crime of violence,' the Government need only prove one qualifying predicate offense"); United States v. Said, 26 F.4th 653, 659 (4th Cir. 2022) ("a § 924(c) conviction may stand even if the jury based its verdict on an invalid predicate, so long as the jury also relied on a valid predicate"). The Court easily concludes that Petitioner's convictions for aiding and abetting murder in aid of racketeering are crimes of violence, and therefore, Petitioner's arguments that his RICO conspiracy conviction is not a crime of violence require no discussion. Cf. United States v. Simmons, 11 F.4th 239 (4th Cir. 2021) (holding that aggravated RICO conspiracy is not categorically a crime of violence).

violation of S.C. Code § 16-3-29 is a crime of violence under § 4B1.2 and a violent felony under ACCA because it requires that, with intent to kill, the attempt to kill another person with malice aforethought, either express or implied); United States v. Parrish, 767 F.App'x 440 (4th Cir. 2019) (second-degree murder under N.C. Gen. Stat. § 14-17(b) is a crime of violence under § 4B1.2 because it requires the unlawful killing of a human being with malice).

Petitioner's suggestion that Counts Seven and Nine are not crimes of violence because they are conspiracy offenses, is factually mistaken. Counts Seven and Nine charge substantive offenses, not conspiracies, and Petitioner's reliance on conspiracy cases is therefore misplaced. See, e.g., United States v. McCollum, 885 F.3d 300 (4th Cir. 2018) (holding that *conspiracy* to commit murder in aid of racketeering is not a crime of violence under Guidelines Section 4B1.2).

Petitioner's reliance on Taylor to argue that Counts Seven and Nine are not crimes of violence fails because Petitioner confuses attempts with aiding and abetting. As discussed in Section 1, *supra*, Petitioner was convicted of aiding and abetting in two completed murders in aid of racketeering, and not attempt. His reliance on attempt case law is, therefore, misplaced for the reasons previously discussed.

Petitioner also argues that that the murders in aid of racketeering are insufficient predicates because they only required a *mens rea* of recklessness. [Doc. 4 at 3]. Petitioner relies on United States v. Gill, __ F.Supp.3d ___, 2023 WL at 349844 (D.Md. Jan. 20, 2023),[9] in which the Maryland District Court found that VICAR murder, predicated on murder in violation of Maryland law, was not categorically a crime of violence because the most innocent conduct criminalized by the Maryland statute required a *mens rea* of recklessness. Petitioner's case is easily distinguishable from Gill because the jury specifically found that Petitioner aided and abetted the murder of the

---

[9] An appeal is pending in the Fourth Circuit, Case No. 23-6273.

victims in aid of racketeering, and that these "intentional" deaths were done "with malice aforethought" in violation of S.C. Code § 16-3-10. [See CR Doc. 732 (Verdict)]; see, e.g., United States v. Manley, 52 F.4th 143 (4th Cir. 2022) (second-degree murder under Va. Code § 18.2-32 is a crime of violence under § 924(c) because it requires "extreme recklessness," which is defined as reckless behavior so willful, wanton, heedless of foreseeable consequences, and indifferent to the value of human life that it "supplies the element of malice"). Petitioner's suggestion that these predicates are insufficient because they only constitute felony murder likewise fails because Petitioner was convicted of intentionally murdering the victims with malice aforethought as discussed *supra*, and not on a felony murder theory. See Jackson, 32 F.4th at 285 (holding premeditated murder under § 1111(a) is categorically a crime of violence).

Accordingly, even if the Petitioner's Motion to Vacate were not time-barred and procedurally defaulted from § 2255 review, the claims would be denied on the merits and the Motion to Dismiss is granted for that reason as well.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and the § 2255 Motion to Vacate is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The United States' Motion to Dismiss [Doc. 6] is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED WITH PREJUDICE**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy

§ 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: October 18, 2023

Max O. Cogburn Jr
United States District Judge